IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL R. WOMACK                                       PLAINTIFF

v.                      CIVIL NO. 16-5252

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Michael R. Womack, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on December 19, 2014, alleging an inability to work since January 15, 2014, due to homelessness, unemployment, gastroesophageal reflux disease, posttraumatic stress disorder, essential hypertension, alcohol dependence, alcohol intoxication, a borderline personality disorder, seizures, left shoulder problems and comprehension problems. (Tr. 69-70, 166). An administrative hearing was held on October 22, 2015, at which Plaintiff appeared with counsel and testified. (Tr. 27-67).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated June 22, 2016, the ALJ found Plaintiff was not disabled prior to March 26, 2016, but that Plaintiff became disabled on March 26, 2016, and remained disabled through the date of the decision. (Tr. 11). Specifically, the ALJ found that since January 15, 2014, Plaintiff had the following severe impairments: mild scoliosis and mild to moderate degenerative joint disease/degenerative disc disease of the lumbar spine and degenerative disc disease of the cervical spine; left shoulder tendinosis and labral tear; obesity; history of seizure; major depressive disorder/unspecified depressive disorder; post-traumatic stress disorder; unspecified anxiety disorder; borderline personality disorder/cluster B personality traits; and a history of alcohol abuse/dependence. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that since January 15, 2014, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13-14). The ALJ found that since January 15, 2014, Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except he can occasionally climb ramps and stairs, he can never climb ladders/ropes/scaffolds, and he can occasionally balance, stoop, kneel, crouch, and crawl. He can do no overhead work or overhead reaching. He must avoid concentrated exposure to hazards including no driving as part of work. He can have only incidental interpersonal contact with coworkers and supervisor and no contact with the public. Work tasks must be no more complex than those learned and performed by rote, with few variables and little use of judgment, and required supervision must be simple, direct and concrete.

(Tr. 16). With the help of a vocational expert, the ALJ found Plaintiff was not disabled prior to March 26, 2016, as he was able to perform work as a scaling machine operator, a blending tank tender, and a cotton classer aide. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 6, 2016. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 11, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 25th day of January 2018.

>/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE